972 F.2d 341
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ana Sandra MOREL-GUILLERMO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-1630.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 6, 1992
Decided: August 13, 1992
 
 On Petition for Review of an Order of the Immigration and Naturalization Service.
 Scott T. Kalisch, KALISCH & LYONS, P.A., for Petitioner.
 Karen Fletcher Torstenson, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, for Respondent.
 Stuart M. Gerson, Assistant Attorney General, Robert Kendall, Jr., Assistant Director, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, for Respondent, on brief.
 I.N.S.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ana Sandra Morel-Guillermo petitions the court to review the INS's decision not to grant her relief under 8 U.S.C. § 1182(c) from a deportation order entered against her because of drug convictions. She contends that the Board of Immigration Appeals, in finding that she had not rehabilitated herself, impermissibly rejected a credibility determination made by the immigration judge. She also objects to the refusal of the immigration judge to grant a continuance of her hearing.
 
 
 2
 Morel-Guillermo, a 23 year old citizen of the Dominican Republic, entered the United States as a lawful permanent resident in 1975. Thereafter, because of drug convictions, deportation proceedings were commenced against her and, following a hearing on July 27, 1988, she was found to be deportable. On her request for equitable relief from the order of deportation based on her rehabilitation, she sought and obtained a hearing on November 29, 1988. The facts offered by her to support her rehabilitation centered primarily on her conduct while in prison in becoming a positive contributor to the prison community. She also offered evidence of her extensive immediate family's ties to the United States and of the hardship that would result from deportation.
 
 
 3
 In his opinion, the immigration judge observed that because petitioner's involvement with drugs was substantial, Morel-Guillermo would have to demonstrate outstanding equities to be granted relief from the deportation order. Based on her lengthy residence in the United States, family ties in this country, and the perceived hardship to her if she were returned to the Dominican Republic, the immigration judge concluded that the requisite outstanding equities were demonstrated. While the judge recognized that, during her incarceration, Morel-Guillermo could not demonstrate that she would be a "trustworthy member of society" outside of prison, he agreed that sufficient evidence of rehabilitation in prison had been shown.
 
 
 4
 The BIA reversed the decision of the immigration judge, concluding that the petitioner had not demonstrated rehabilitation. In addition to its consideration of the facts established, the BIA also noted that on several material points, Guillermo testified inaccurately, providing the correct information only when the error was pointed out on cross examination. For example, Morel-Guillermo testified that her entire family resided as permanent residents in the United States and only on cross examination admitted that one of her sisters, who had been living with her, had been deported for selling drugs. Similarly, she testified that she had never used drugs, again only admitting on cross examination that she had when confronted with an earlier admission. Morel-Guillermo attempted to portray her drug conviction as a single incident of obeying the orders of others, but this was belied by evidence of her further involvement with the conspiracy of which she was convicted and of a previous conviction involving large amounts of drugs. Moreover, four of her siblings, all of whom lived with her, had apparently been convicted of drug offenses. In view of the heavy burden placed upon Morel-Guillermo, the BIA concluded that she had not met the burden of showing that" she warrants a favorable exercise of [the Attorney General's] discretion."
 
 
 5
 Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), allows the Attorney General's delegate discretion to waive deportation of a deportable permanent resident, and our review only examines whether the discretion was actually exercised and whether it was exercised in an arbitrary and capricious manner. See Parcham v. INS, 769 F.2d 1001, 1003 (4th Cir. 1985). After having carefully reviewed the record and the decisions of the BIA and the immigration judge, we do not find that the BIA acted arbitrarily or capriciously. We reach a similar conclusion in connection with the refusal of the immigration judge to grant Morel-Guillermo a continuance of her hearing. She claims no prejudice and can point to no other information which she contends she could have presented at her hearing if the request had been granted. Delgado-Corea v. INS, 804 F.2d 261, 263 (4th Cir. 1986).
 
 
 6
 For the foregoing reasons the Petition for Review is denied and the Order of the Board of Immigration Appeals is affirmed.
 
 AFFIRMED